1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NANCY J. CARRILLO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TARGET CORPORATION; and DOES 1 to 10,<br><br>　　　　Defendant. | Case No. CV 16-1231-GW(FFMx)<br>Hon. George H. Wu<br><br>**ORDER RE STIPULATED PROTECTIVE ORDER**<br><br>[F.R.C.P. 26(a)(1)] |

IT IS HEREBY ORDERED that, with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitutes or contains trade secrets or other confidential research, development or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

　　1.　　This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including all documents, pleadings, motions, exhibits, declarations, affidavits, deposition transcripts, inspection reports, and all other tangible items (electronic media, photographs, videocassettes, etc.) For purposes of this Stipulated Protective Order Confidential Material is specifically defined as follows:

　　-　　*Team Member Handbook (Hourly);*

1     -    *Team Member Handbook (Executive);*

2     -    *Safety Training - New Team Member Orientation DVD;*

3     -    *Spill Clean-Up Training Card;*

4     -    *Basic Safeness - Managing Guest Incidents;*

5     -    *Basic Safeness Sales Floor Guide (Employee);*

6     -    *Basic Safeness Sales Floor Guide (Trainer).*

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials ("Confidential"). If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court.

3. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

/ / /

1  6. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order.  Deposition testimony may be designated as confidential following the testimony having been given provided that:  (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript.  All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above.  When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Material.  If any Confidential Material is to be filed with the Court, such papers shall be accompanied by an application to file the papers, or the confidential or attorney's eyes only portions thereof, under seal.  The application must show good cause for the under seal filing.  The

application shall be directed to the appropriate judicial officer. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. A party that seeks to file under seal any Confidential Material must comply with Local Rule 79-5 and this Court's published procedures requiring an application to the Court for an order to seal documents.

10. If a non-designating party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Material that party must:

a. promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its Confidential Material and nothing in these provisions should be construed as authorizing or encouraging a non-designating party in this Action to disobey a lawful directive from another court.

11. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have thirty days after such notice to

1  meet and confer and attempt to resolve the issue.  If the dispute is not resolved
2  within such period, the party seeking the protection shall have thirty days in which
3  to make a motion for a protective order with respect to contested information.  Any
4  such motion must comply with Local Rule 37.  Information that is subject to a
5  dispute as to whether it is properly designated shall be treated as designated in
6  accordance with the provisions of this Order until the Court issues a ruling.

7       12.   Inadvertent failure to designate any material "Confidential" shall not
8  constitute a waiver of an otherwise valid claim of confidentiality pursuant to this
9  Order, so long as a claim of confidentiality is asserted within fifteen days after
10 discovery of the inadvertent failure.  At such time, arrangements shall be made by
11 the parties to designate the material "Confidential" in accordance with this Order.

12      13.   This Order shall be without prejudice to the right of any party to oppose
13 production of any information or object to its admissibility into evidence.

14      14.   When any counsel of record in this Lawsuit or any attorney who has
15 executed a Confidentiality Agreement becomes aware of any violation of this Order,
16 or of facts constituting good cause to believe that a violation of this Order may have
17 occurred, such attorney shall report that there may have been a violation of this
18 Order to the Court and all counsel of record.

19      15.   Within thirty days after the termination of this Lawsuit (whether by
20 dismissal of final judgment), all Confidential Material (including all copies) shall be
21 returned to counsel for the designating party.  In addition, counsel returning such
22 material shall execute an affidavit verifying that all Confidential Material produced
23 to such counsel and any subsequently made copies are being returned in their
24 entirety pursuant to the terms of this Order.  Such a representation fully
25 contemplates that returning counsel has:  (1) contacted all persons to whom that
26 counsel disseminated Confidential Material, and (2) confirmed that all such material
27 has been returned to disseminating counsel.
28 / / /

16. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

IT IS ORDERED.

DATED: June 9, 2016

                                                /S/ FREDERICK F. MUMM
                                                FREDERICK F. MUMM
                                            UNITED STATES MAGISTRATE JUDGE